IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ALVIN LIONEL BROWN, JR**                                                       **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 3:12CV859HTW-LRA**

**TYRONE LEWIS, SHERIFF OF
HINDS COUNTY, MISSISSIPPI, and the
STATE OF MISSISSIPPI**                                                            **RESPONDENTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pre-trial detainee Alvin Lionel Brown, Jr. filed the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241 on December 17, 2012. Respondents filed a motion to dismiss the petition for failure to raise a claim upon which relief can be granted. The Court recommends that the habeas petition be dismissed for the reasons that follow.

Brown was recently released on a conditional bond from the Hinds County Detention Center as he awaits trial for murder and four counts of aggravated assault. He was indicted on December 9, 2009, in the First Judicial District of Hinds County, Mississippi, and as of this date, he has yet to be tried or convicted. As such, he is a pre-trial detainee and his petition is properly considered under 28 U.S.C. § 2241. As grounds for relief, Brown asserts that his Sixth Amendment right to a speedy trial has been violated and requests that the charges against him be dismissed.

Since his arraignment on February 16, 2010, the record reflects that Petitioner's trial has been continued approximately seven times. His initial trial date was scheduled for

September 27, 2010, but it was subsequently continued to March 28, 2011, pursuant to an Agreed Order of Continuance to:

> give the parties additional time to investigate the facts of this cause; to continue plea negotiations; to update discovery with a transcribed statement from out of state witness; and furthermore, [because] one of the State's key witnesses, Dr. Feng Li, M.D., the pathologist, is scheduled to be out of the country during the scheduled court date and will not return until October 13, 2010 . . . .[1]

A second order was later entered continuing the trial to July 11, 2011, due to an overcrowded docket. The case was then subsequently reassigned to two new Judges, on June 7, 2011, and August 3, 2011. On April 25, 2012, Brown, by and through his attorney, filed a motion for speedy trial and a new trial date was scheduled for June 11, 2012. However, on the joint motion of the parties, the trial was continued again until August 13, 2012, because the lead detective was serving in Afghanistan. The case was later continued twice for this same reason. On December 17, 2012, when Brown filed the instant petition for habeas relief, his trial was scheduled to begin on April 8, 2013. On April 5, 2013, he was released on a conditional bond to await trial on the pending charges. On April 23, 2013, the trial was continued again because the lead detective was still in Afghanistan. It is now currently set for August 19, 2013.[2]

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28

---

[1] ECF No. 12-3.

[2] ECF Nos. 12-1--12-11; 15-1--15-2.

U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). As to the first requirement, although Brown was recently released on a conditional bond, he remains "in custody" for the purposes of § 2241 because he is "subject to restraints 'not shared by the public generally . . . .'" *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). As to the second requirement, although § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created. *Dickerson*, 816 F.2d at 224; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). The Fifth Circuit has held:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson,* 816 F.2d at 225 (citations omitted); *Robinson v. Wade*, 686 F.2d 298, 303, n.8 (5th Cir. 1982) ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.") (citations omitted).

The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial*

3

*Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493.  The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial."  *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490).  The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner:  If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings.  *Id.* at 1282.  If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial.  *Id.*  "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met."  *Id*. at 1283.

In this case, Brown alleges that he is being deprived of his Sixth Amendment right to a speedy trial and requests that this Court help him "get out of here."  He states that he has refused to plead guilty and has been trying to go to trial since 2009.  To that end, he asks: "Why I can't be taken to trial like everyone else[?]"  In support, he cites state and federal authorities, including the United States Supreme Court's decision in *Barker v.*

*Wingo*, 407 U.S. 514 (1972), and Miss. Code Ann. § 99-17-1 (2012), requiring that trials be brought within 270 days of arraignment. He then goes on to request the dismissal of the charges against him, citing the prosecution's delay and his actual innocence.[3]

Respondents submit that Brown merely seeks to be released from custody, not to be brought to trial. Because such relief is not attainable through federal habeas corpus, they maintain that his petition should be dismissed for failing to state a claim upon which relief may be granted. *Brown*, 530 F.2d at 1283. This is not an unreasonable argument given that Brown expressly requests the dismissal of the charges against him. Thus, to the extent he is attempting to prevent the State from following through with its prosecution of him on the pending charges, he is seeking to "abort" the normal and "orderly functioning of state judicial processes," and his petition should be dismissed for failure to state a claim upon which relief may be granted. *Id.* (citations omitted).

Brown has also clearly alleged a violation of his Sixth Amendment Right to a speedy trial. *Id.* The Fifth Circuit has expressly held, however, that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227. Although the record indicates that Brown has filed a motion for speedy trial, Mississippi law does not permit prisoners to appeal the denial of a speedy trial claim prior to trial. See *Beckwith v. State*, 615 So.2d 1134 (Miss. 1992) (citing *U.S. v. MacDonald*, 435 U.S. 850, 859 (1978). Thus, "any

---

[3]ECF No. 1, pp. 1-9; ECF No. 14, pp. 1-15.

claim, alleging the deprivation of [his] constitutional right to a speedy trial should be exhausted in the state court after a trial and raised in a post-trial federal habeas corpus action under 28 U.S.C. 2254." *Bursey v. Circuit Court of Lowndes County*, Civil Action No. 1:11CV 175-D-A, 2012 WL 5183588 *3 (N.D. Miss. Oct. 18, 2012). Accordingly, the petition is subject to dismissal for failure to exhaust state court remedies.

In sum, to the extent Petitioner seeks a dismissal of the pending charges and release from custody, he seeks relief that is unavailable in federal habeas corpus. To the extent he asserts that his right to a speedy trial is being violated and he should be brought to trial, he must still overcome the hurdles of exhaustion. *Brown*, 530 F.2d at 1283. For these reasons, the undersigned recommends that his petition be dismissed for failure to state a claim upon which habeas relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for failure to exhaust available state remedies. Any pending motions should be dismissed as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which

he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 14th day of August 2013.

/s/  Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE